UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CLEARLY FOOD & BEVERAGE CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOP SHELF BEVERAGES, INC.,<br><br>Defendant. | CASE NO. C13-1763JLR<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the court on Plaintiff Clearly Food & Beverage Co., Inc.'s ("Clearly") motion for sanctions and for additional discovery. (Mot. (Dkt. # 64).) This motion arises because Defendant Top Shelf Beverages, Inc. ("Top Shelf") filed unsealed documents containing information designated by Clearly as confidential under the parties' protective order. Having considered the submissions of the parties, the

//

ORDER- 1

balance of the record, and the relevant law, and deeming oral argument unnecessary, the court GRANTS Clearly's motion for sanctions and for additional discovery.

## II. BACKGROUND

This case is a trademark dispute over the parties' names for their bottled beverage products. (*See generally* Compl. (Dkt. # 1).) Early in the litigation, the parties stipulated to and the court issued a protective order governing the disclosure of "confidential" material, which the order defines to include "the parties' marketing and business plans; the parties' draft marketing materials that have not been made public; [and] the parties financial data and projections." (PO (Dkt. # 37) at 2.) The protective order provides that the parties may not disclose confidential material to anyone besides the court, the parties' counsel, expert witnesses, the author or recipient of the document, and witnesses who have signed an agreement to be bound by the protective order. (*Id.* at 3.) The protective order also provides that, prior to filing material designated as confidential, the filing party must meet and confer with the designating party to determine whether the document should be filed under seal. (*Id.*) If so, the filing party must comply with the standards for sealing a document set forth in Local Rule 5(g). (*Id.*); *see also* Local Rules W.D. Wash. LCR 5(g).

On December 2, 2014, Top Shelf filed numerous confidential Clearly documents in support of its motion for summary judgment. (Plf. Mem. (Dkt. # 60) at 4-7; Mot. at 2 n.1.) These documents set forth Clearly's current short-term and long-term business plans and marketing strategies regarding the upcoming release and distribution of certain beverages. (Plf. Mem. at 4-7 (identifying Docket Nos. 47-3, 47-4, 47-7, 47-8, 47-9, 47-

ORDER- 2

10, 47-12, and 48 as designated confidential under the protective order).)  Top Shelf's attorney, Mr. Nate Kelly, admits that neither he nor anyone else representing Top Shelf conferred with Clearly prior to filing these documents.  (Kelly Decl. (Dkt. # 62) ¶¶ 2-5.)  The documents, however, were not redacted, and were not filed under seal.  (*Id.*; *see also* Plf. Mem.)

When Clearly realized that its confidential documents were available to the public on the court's docket, they instructed Top Shelf to take corrective action.  (Bilick Email (Dkt. # 60-1).)  Instead of following Local Rule 5(g), Mr. Kelly filed an ex parte motion to seal the motion for summary judgment and confidential exhibits (Ex Parte Mot. (Dkt. # 50), and also called and directed the docket clerk to place all exhibits to the motion under seal (*see* Dkt. # 47 ("Modified on 12/10/2014 - Per counsel - all attachments/exhibits are under seal")).  *See* Local Rules W.D. Wash. LCR 5(g).  In total, eight days elapsed from the time the documents were filed until the time they were sealed.  (*See id.*)

The court issued an order to show cause (1) directing Clearly, as the designating party, to satisfy its burden under Local Rule 5(g)(3) to show that the documents should remain sealed and (2) directing Mr. Kelly to show cause why the confidential documents were filed in violation of the protective order and the Local Rules.[1]  (OSC (Dkt. # 51).)

In response, Mr. Kelly admitted that the documents should have been filed under seal and that his subsequent filing of an ex parte motion to seal "was the result of an error

---

[1] The documents remain under seal pending resolution of the motion to seal.  (OSC at 1.)

ORDER- 3

in procedure." (Kelly Decl. ¶ 3.) Mr. Kelly explained that no one had conferred with Clearly prior to filing the documents due to a "miscommunication" between his firm and his "discovery counsel," because "each of us believ[ed] the other had taken responsibility for following the Protective Order." (*Id.*¶ 5.)

For its part, Clearly maintains that the documents contain trade secret and confidential information, and that access to this information by Clearly's competitors would be detrimental to Clearly. (*See generally* Mot.; Plf. Mem.) Clearly now brings a motion requesting (1) attorneys' fees incurred due to Top Shelf's violation of the protective order, and (2) an order permitting Clearly to subpoena records from Public Access to Court Electronic Records ("PACER") to determine who, if anyone, accessed Clearly's confidential information during the time it was publicly available on the court's docket. (Mot.) Top Shelf has not responded to this motion. (*See generally* Dkt.)

### III. ANALYSIS

**A.  Attorneys' fees**

Federal Rule of Civil Procedure 37(b) permits a court to issue sanctions for violations of a discovery order. Fed. R. Civ. P. 37(b)(2)(a). A protective order is a discovery order within the meaning of Rule 37(b). *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 911 (9th Cir. 1986); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 935 (9th Cir. 1993); *Cadence Pharm., Inc. v. Fresenius Kabi USA, LLC*, No. 13-CV-00139 DMS MDD, 2014 WL 3341068, at *2 (S.D. Cal. July 8, 2014). A variety of sanctions are available under Rule 37(b). *See* Fed. R. Civ. P. 37(b). As relevant here, a court "must order the disobedient party, the attorney

advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 32(b)(2)(C).

Here, there is no dispute that Top Shelf's counsel violated the protective order. (*See* Kelly Decl. ¶¶ 4-6.) Not only did Top Shelf's counsel fail to confer with Clearly prior to filing the confidential material on the court's docket, but Top Shelf disclosed the confidential material to the public for eight days. (*See id.*; *see also* Plf. Mem.; Mot.) Both actions contravene the plain language of the protective order. (*See* PO at 2-3.)

These violations were not substantially justified. A "miscommunication" between attorneys because each "believ[ed] the other had taken responsibility for following the Protective Order" (Kelly Decl. ¶ 5) does not constitute substantial justification for revealing an opposing party's confidential information. Additionally, the court considers Top Shelf's failure to file an opposition to Clearly's motion for attorneys' fees as an admission that the motion has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2). Finally, the court is aware of no circumstances that would make an award of fees unjust. *See* Fed. R. Civ. P. 32(b)(2)(C).

Therefore, the court finds that, under Rule 37(b) Clearly is entitled to an award of the reasonable expenses, including attorneys' fees, that Clearly incurred as a result of Top Shelf's violation of the protective order. *See Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1600393, at *12 (N.D. Cal. May 7, 2012) (awarding attorneys' fees for a violation of a protective order); *Cadence Pharm., Inc.*, 2014 WL 3341068, at *4 (same); Fed. R. Civ. P. 37(b)(2)(C). Because the fault for the

1  violation lies with Top Shelf's attorneys (Kelly Decl. ¶¶ 2-6.) , the court enters this award
2  against Top Shelf's counsel, which is identified on the court's docket as the "Law Office
3  of Nate Kelly."  *See* Fed. R. Civ. P. 37(b)(2)(C); (*see generally* Dkt.)  Clearly is directed
4  to file a separate motion accounting for its requested fees.

5  **B.     Additional discovery**

6         Pursuant to the court's scheduling order, the deadline to complete discovery was
7  November 3, 2014.  (Sched. Ord. (Dkt. # 21).)  Rule 16 provides that once the court
8  enters a scheduling order it "may be modified only for good cause and with the judge's
9  consent."  Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
10 604, 607-08 (9th Cir. 1992).  In determining whether there is good cause to modify a
11 scheduling order, the court "primarily considers the diligence of the party seeking the
12 [modification]."  *Johnson*, 975 F.3d at 609.  The court may modify the scheduling order
13 "if it cannot reasonably be met despite the diligence of the party seeking the extension.
14 *Id.*; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

15        Here, the disclosures that necessitated Clearly's request for additional discovery
16 did not occur until after the discovery deadline had already passed.  (*See* Mot. 2.)  As
17 such, the court's original discovery deadline could not reasonably have been met despite
18 Clearly's diligence.  *See Johnson*, 975 F.3d at 609.  Moreover, whether any unauthorized
19 party accessed Clearly's confidential information while it was publicly available on the
20 court's docket is relevant to determining the scope of Top Shelf's violation of the
21 protective order.  Therefore, the court finds that good cause exists to modify the
22 scheduling order to permit Clearly to undertake limited discovery into this topic.  *See id.*

However, the court finds that, at this time, Clearly's requested discovery is overbroad and may implicate certain privacy concerns. *See, e.g.*, *Isaacs v. Pacer Serv. Ctr.*, No. 12-CV-40-JL, 2014 WL 1652602, at *4 (W.D. Tex. Apr. 22, 2014) (requiring *in camera* inspection of PACER records to protect privacy concerns). As such, the court re-opens discovery for the limited purpose of permitting Clearly to take a 1-hour telephonic deposition of a PACER representative on the sole topic of how many people viewed or downloaded the confidential documents found at Docket Nos. 47, 47-3, 47-4, 47-8, 47-9, 47-10, and 48 during the time that they were publicly available on PACER (December 2, 2014 through December 10, 2014). The scope of this deposition does not extend to the identities of the people who accessed the documents.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS Clearly's motion for sanctions and for additional discovery (Dkt. # 64). Clearly is directed to file a separate motion accounting for its requested attorneys' fees.

Dated this 18th day of March, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 7