UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CLEARLY FOOD & BEVERAGE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> TOP SHELF BEVERAGES, INC., <br><br> Defendant. | CASE NO. C13-1763JLR <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Clearly Food & Beverage Co., Inc.'s ("Clearly") motion for sanctions. (Mot. (Dkt. # 68).) Clearly requests attorneys' fees for the costs it incurred due to Defendant Top Shelf Beverages, Inc.'s ("Top Shelf") late production of certain documents. (*See* Mot. at 7-8; *see generally* Reply (Dkt. # 88).) Having considered the submissions of the parties, the balance of the record, and the

//

ORDER- 1

relevant law, and deeming oral argument unnecessary, the court GRANTS Clearly's motion for sanctions.

## II. BACKGROUND

Just five weeks before trial was scheduled to begin and two months after discovery had closed, Top Shelf produced approximately 30 relevant emails for the first time. (*See* Sched. Ord. (Dkt. # 21); Bilick Decl. (Dkt. # 67) Ex. A ("Kelly Email").) Top Shelf's counsel explained the late production to Clearly on the basis that "[a]s we were preparing the exhibit list for the pretrial statement and speaking to our client about related issues, we realized that about 30 relevant documents (emails) had not yet been produced due to email accounts that were thought to have been linked not actually being linked." (Kelly Email.) Top Shelf added two of the newly produced emails to its trial exhibit list. (Kelly Decl. (Dkt. # 86) ¶ 17.) Additionally, some of the emails appeared to contradict the deposition testimony of Top Shelf's two principals, Alison Zarrow and Caleb Cargle. (Mot. at 5.)

As a result of the newly produced evidence, the court struck the trial date and reopened discovery to permit Clearly (1) to ensure that all relevant documents had been produced, (2) to re-depose the witnesses whose testimony the new evidence implicated, and (3) to supplement its opposition to Top Shelf's previously filed motion for summary judgment. (2/3/15 Order (Dkt. # 80).) The court deferred ruling on Clearly's motion for sanctions until it received additional briefing on the issue. (*Id.*) That briefing is now before the court.

//

In its briefing, Top Shelf offers the following excuses for its late production. Five weeks before the trial, as Top Shelf's attorney, Mr. Kelly, was preparing Top Shelf's trial exhibit list, he conferred with Mr. Cargle and Ms. Zarrow "asking to see if they had any documents they wished to include in the exhibit list that perhaps [his] office had overlooked." (Kelly Decl. ¶ 12.) Mr. Cargle identified at least one email that had been overlooked, and, during that same conversation, he located the email and provided it to Mr. Kelly. (*Id.* ¶¶ 13-14.) Upon recognizing that the email had not yet been produced, Mr. Kelly undertook a search for similar documents, and ultimately discovered and produced to Clearly the 30 additional emails discussed above. (*Id.* ¶¶ 15-17; Kelly Email.)

The email Mr. Cargle identified had been sent to the email address gourmetca@gmail.com. (*Id.* ¶ 14.) This email account had been used jointly by Ms. Zarrow and Mr. Cargle when they first started their business. (Cargle Decl. (Dkt. # 87) ¶ 8.) Mr. Kelly states that he entered into an "oral stipulation" with Clearly's previous counsel that Top Shelf did not have to produce emails sent from and received by the gourmetca@gmail.com account (*id.* ¶¶ 4-5), but provides no documentation of such an agreement. Mr. Kelly and Mr. Cargle apparently believed that producing only documents sent from and received by Caleb's personal email account, Caleb.Cargle@gmail.com, would adequately capture all of the emails sent to the gourmetca@gmail.com account. (*See* Cargle ¶¶ 5-7; Kelly Decl. ¶¶ 18-20.)

//

//

ORDER- 3

### III. ANALYSIS

**A.    Rule 37(c)**

Federal Rule of Civil Procedure 37(c) permits a court to issue sanctions for a party's failure to provide information as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As relevant here, Rule 26(a) requires a party to provide, without awaiting a discovery request, a copy of all documents that it may use to support its claims or defenses. Fed. R. Civ. P. 26(a); *see also Finley v. Hartford Life & Acc. Ins. Co.*, 249 F.R.D. 329, 331 (N.D. Cal. 2008). Rule 26(e) requires a party to supplement or correct its Rule 26(a) disclosures and other discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Permissible sanctions include, among other things, "payment of the reasonable expenses, including attorney's fees, caused by the failure" to disclose or supplement. Fed. R. Civ. P. 37(c)(1)(A). Sanctions, however, are inappropriate if a party's failure to disclose the required information was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd*, 259 F.3d at 1106. The party facing sanctions bears the burden of proving harmlessness or substantial justification. *Yeti by Molly, Ltd*, 259 F.3d at 1106.

//

//

ORDER- 4

B. **Application to Top Shelf**

Clearly requests sanctions under Rule 37(c) in the form of the attorneys' fees that it incurred as a result of Top Shelf's untimely production. (*See* Mot. at 7-8; *see generally* Reply.) Top Shelf maintains that, because it produced the emails as soon as Top Shelf's attorney learned of their existence, it has complied with Rule 26(e)'s requirement to supplement disclosures and therefore cannot be sanctioned under Rule 37(c). (*See* Resp. (Dkt. # 85).) That argument overlooks the fact that Rule 37(c) also applies to violations of Rule 26(a), which requires a party to provide, without awaiting a discovery request, a copy of all documents that it may use to support its claims or defenses. Fed. R. Civ. P. 26(a). Top Shelf has added two of the late-produced documents to its trial exhibit list and, as such, has evinced an intent to rely on those documents to support its claims or defenses. (*See* Kelly Decl. ¶ 17.)

In *Finley*, the court sanctioned a party that had "turned over [the evidence] as soon as it was found" because "[i]t was unreasonable for [the party] not to find it . . . at the point of its initial disclosures." 249 F.R.D. at 332; *see also Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 338-39 (D. Ariz. 2009) ("Plaintiffs failure to initially disclose these documents violates Rule 26(a)(i)(A)(ii), and absent a justification for that failure, supplementation under Rule 26(e) does not excuse the violation."). Specifically, the court found that the party had violated Rule 26(a) because "a reasonable search would have turned up [the evidence] for disclosure" six months earlier. *Finley*, 249 F.R.D. at 332 (finding it "unreasonable for [the party] to rely on a system which contains so few checks and balances that the mere fact that an administrative assistant did not look for a

file, in the filing cabinet where that file was normally kept, could undermine [the party's] entire initial disclosure apparatus").

Here, Mr. Cargle, one of Top Shelf's principals, was apparently not only able to extemporaneously identify unproduced emails that were helpful to Top Shelf's case, but also to retrieve those documents within the course of the same conversation. (*See* Kelly Decl. ¶¶ 12-14.) As in *Finley*, any reasonable search for initial disclosures should have uncovered those documents months ago. *See* 249 F.R.D. at 332. Therefore, the court finds that, notwithstanding its later disclosure, Top Shelf has violated Rule 26(a) with respect to those emails. *See Forbes*, 258 F.R.D. at 338-39.

The court further finds that Top Shelf is unable to prove that its failure to disclose these emails earlier was either substantially justified or harmless. First, even crediting Mr. Kelly's assertion that he entered into an "oral stipulation" with Clearly's prior counsel not to produce emails from the gourmetca@gmail.com account, that agreement was based on a faulty, and apparently untested, premise. (*See* Kelly Decl. ¶¶ 4-5, 18-20; Cargle Decl. ¶¶ 5-7.) Moreover, that agreement was not communicated to Clearly's new counsel, even though there is no dispute that the gourmentca@gmail.com emails were otherwise responsive to Clearly's discovery requests. (*See generally* Mot.; Resp.; Reply.) Second, the untimely production is not harmless because it has delayed the parties' trial by several months, required Clearly to revise and supplement its opposition to Top Shelf's previously filed motion for summary judgment, and required Clearly to expend additional resources to engage in a second round of discovery. (*See* Mot.; 2/3/15 Order.)

ORDER- 6

     For these reasons, the court finds that Clearly is entitled to recover the attorneys' fees that it incurred due to Top Shelf's untimely production in violation of Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1)(A). Clearly is directed to file a separate motion accounting for its requested fees.

### IV. CONCLUSION

     For the foregoing reasons, the court GRANTS Clearly's motion for sanctions (Dkt. # 68). Clearly is directed to file a separate motion accounting for its requested attorneys' fees.

     Dated this 18th day of March, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 7